**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|        Plaintiff,     ) | No. CR 10-628-TUC-CKJ (GEE) |
| vs.           ) | **ORDER** |
| JONATHAN MICHAEL THOMAS,     ) | |
|        Defendant.     ) | |

On June 20, 2011, this Court heard argument regarding the Motion to Dismiss for Violation of the Right to a Speedy Trial (Doc. 87). The Court granted the motion in part and informed counsel that a formal order would follow.

I. *Procedural Background*

Jonathan Michael Thomas ("Thomas") was arrested on February 28, 2010. On March 24, 2010, Thomas was indicted on one count of Possession with Intent to Distribute Marijuana. At the April 8, 2010, arraignment, the matter was scheduled for trial on June 2, 2010.

On May 13, 2010, Thomas filed a motion to continue the trial date for thirty days because defense counsel was to commence a trial in another matter, which ended up lasting

almost three weeks.[1]  On May 19, 2010, the Court granted the continuance and scheduled the matter for trial on July 7, 2010.  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance was likely to result in a miscarriage of justice if Thomas was required to go to trial on the scheduled trial date.  The Court also found excludable delay under 18 U.S.C. §3161(h)(8) began on June 3, 2010, and ended on July 7, 2010.

On June 22, 2010, the government filed a motion to continue the trial date for thirty days because the prosecutor was scheduled to be out of the District from July 8 to July 12, 2010.  On June 24, 2010, the Court granted the continuance and scheduled the matter for trial on August 10, 2010.  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance was likely to result in a miscarriage of justice if Thomas was required to go to trial on the scheduled trial date.  The Court also found excludable delay under 18 U.S.C. §3161(h)(7) began on July 8, 2010, and ended on August 10, 2010.

On July 2, 2010, Thomas filed a Motion to Suppress.  On July 7, 2010, the magistrate judge scheduled the motion for hearing on July 20, 2010.

On July 14, 2010, the government filed a motion to continue the trial date for sixty days because the government required additional time to respond to the Motion to Suppress and have the motion scheduled for an evidentiary hearing.[2]  On July 15, 2010, the Court granted the trial continuance and scheduled the matter for trial on October 13, 2010.  The

---

[1]Unless otherwise stated, the requested continuances set forth herein were made without objection from the opposing party.

[2]On that same date, the government requested the hearing on the Motion to Suppress be continued because additional time was needed to gather the materials needed to respond and prepare for the evidentiary hearing.  The magistrate judge granted the request and scheduled the evidentiary hearing for August 25, 2010.

1    Court found that the ends of justice served by granting a continuance outweighed the best

2    interests of the public and the defendant in a speedy trial because, for the reasons set forth

3    in the motion, failure to grant the continuance was likely to result in a miscarriage of justice

4    if the government was required to go to trial on the scheduled trial date.  The Court also

5    found excludable delay under 18 U.S.C. §3161(h)(7) began on August 11, 2010, and ended

6    on October 13, 2010.

7         An evidentiary hearing on the Motion to Suppress was held on August 25, 2010.  The

8    magistrate judge ordered the parties to file legal memoranda on or before August 30, 2010.

9    The magistrate judge took the matter under advisement.

10        On September 20, 2010, the government filed a motion to continue the trial date for

11   sixty days because the Motion to Suppress was pending.  On that same date, the Court

12   granted the trial continuance and scheduled the matter for trial on November 16, 2010.  The

13   Court found that the ends of justice served by granting a continuance outweighed the best

14   interests of the public and the defendant in a speedy trial because, for the reasons set forth

15   in the motion, failure to grant the continuance was likely to result in a miscarriage of justice

16   if the government was required to go to trial on the scheduled trial date.  The Court also

17   found excludable delay under 18 U.S.C. §3161(h)(7) began on October 14, 2010, and ended

18   on November 16, 2010.

19        On October 18, 2010, Thomas filed a motion to continue the trial date for forty-five

20   days because the ruling on the Motion to Suppress remained pending, additional time for

21   objections to a Report and Recommendation may be needed, and because defense counsel

22   was preparing for trial in two other matters.  On October 19, 2010, the Court granted the

23   continuance and scheduled the matter for trial on January 4, 2011.  The Court found that the

24   ends of justice served by granting a continuance outweighed the best interests of the public

25   and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to

26   grant the continuance was likely to result in a miscarriage of justice if Thomas was required

27   to go to trial on the scheduled trial date.  The Court also found excludable delay under 18

28   U.S.C. §3161(h)(7) began on November 17, 2010, and ended on January 4, 2011.

On December 21, 2010, Thomas filed a motion to continue the trial date for forty-five days because defense counsel had been advised that the prosecutor had a scheduling conflict, the defense was continuing investigation of this matter, and because defense counsel was working on a Petition for Rehearing in another matter.  On December 30, 2010, the Court granted the continuance and scheduled the matter for trial on February 8, 2011.  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance was likely to result in a miscarriage of justice if Thomas was required to go to trial on the scheduled trial date.  The Court also found excludable delay under 18 U.S.C. §3161(h)(7) began on January 5, 2011, and ended on February 8, 2011.

On January 31, 2011, the government filed a motion to continue the trial date for sixty days because the Motion to Suppress ruling was pending.  On February 7, 2011, the Court granted the trial continuance and scheduled the matter for trial on April 12, 2011.  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance was likely to result in a miscarriage of justice if the government was required to go to trial on the scheduled trial date.  The Court also found excludable delay under 18 U.S.C. §3161(h)(7) began on February 9, 2011, and ended on April 12, 2011.

On February 22, 2011, the magistrate judge issued a Report and Recommendation in which denial of the Motion to Suppress was recommended.  On February 25, 2011, Thomas filed an Objection to the Report and Recommendation.  On March 11, 2011, the government requested an extension of time to respond to the Objection.  The request indicated that a new prosecutor was substituted in this case because prior counsel no longer worked for the government and current counsel was scheduled to be on vacation from March 14, 2001, until March 18, 2011.  On March 18, 2011, the Court granted the extension.  On March 28, 2011, the government requested an extension of time to respond to the Objection.  The request

1   again pointed out that the prosecutor had recently been assigned the case, the prosecutor had
2   been on vacation, and that the prosecutor had spent a significant amount of time preparing
3   for trial in four other matters.  On March 31, 2011, the Court granted the request.  The
4   response was filed on April 1, 2011.

5       Also on March 28, 2011, the government filed a motion to continue the trial date for
6   at least thirty-five days because the new prosecutor needed additional time to review the case,
7   meet with witnesses, and file pre-trial motions and because the prosecutor was scheduled to
8   be in trial on another matter on April 12, 2011.  On March 29, 2011, the Court granted the
9   trial continuance and scheduled the matter for trial on June 21, 2011.  The Court found that
10  the ends of justice served by granting a continuance outweighed the best interests of the
11  public and the defendant in a speedy trial because, for the reasons set forth in the motion,
12  failure to grant the continuance was likely to result in a miscarriage of justice if the
13  government was required to go to trial on the scheduled trial date.  The Court also found
14  excludable delay under 18 U.S.C. §3161(h)(7) began on April 13, 2011, and ended on June
15  21, 2011.

16      On April 13, 2011, the magistrate judge ordered the disclosure of any expert
17  witness(es) by the government and any pre-trial motions to be filed on or before May 13,
18  2011.  The magistrate judge also ordered any objections to expert witnesses be filed on or
19  before May 23, 2011.

20      On April 28, 2011, this Court issued an Order adopting the Report and
21  Recommendation and denying the Motion to Suppress.

22      On May 12, 2011, the government filed two Notices of Expert Testimony and a
23  Notice of Confessions, Admissions, and Statements.

24      Also on May 12, 211, the government filed a Motion in Limine to Compel
25  Defendant's Proffer of Duress Theory or, in the Alternative, to Preclude Defendant from
26  Presenting Duress Theory at Trial.

27      On May 13, 2011, Thomas filed a Motion in Limine to Preclude Evidence of Prior
28  Misdemeanor Conviction, a Motion in Limine to Preclude Statements of the Defendant not

1   Previously Disclosed, a Motion in Limine to Preclude Evidence of the Value of the

2   Contraband, and a Motion/Amended Motion to Suppress Statement.

3          On May 18, 2011, Thomas filed a Motion to Exclude [Expert] Testimony of Agent

4   Patrick Dawson.

5          On May 18, 2011, a Superceding Indictment was issued against Thomas alleging one

6   count of Conspiracy to Possess with Intent to Distribute Marijuana and one count of

7   Possession with Intent to Distribute Marijuana.

8          On May 23, 2011, Thomas filed a Motion to Dismiss the Superceding Indictment and

9   a Motion for Production of the Grand Jury Transcript.

10         On May 31, 2011, the government requested a seven day extension of time to respond

11  to the defense motions and requested a continuance of the motions hearing.  *See* Doc. 75.

12  The government asserted the prosecutor had been preparing for June trials in two other

13  matters, the prosecutor had a family emergency which required out-of-state travel, and that

14  the prosecutor could not secure the availability of necessary witnesses for the May 31, 2011,

15  hearing.  Thomas objected to these requests.

16         On May 31, 2011, the government filed a motion to continue the trial date for

17  thirty-five days because the prosecutor was scheduled to be in trial in two other matters in

18  June, the prosecutor had a family emergency which required out-of-state travel, and, because

19  of those reasons, the prosecutor had been unable to respond to pending motions.  Thomas

20  objected to this request.  Also on May 31, 2011, the government filed an amended motion

21  to continue the trial date for twenty-one days.  In addition to the reasons set forth in the

22  original request for continuance, the government asserted that the magistrate judge, who was

23  to hear the pending motions, was unavailable to hear the pending motions from June 6, 2011,

24  through June 10, 2011 and from June 13, 2011, through June 17, 2011.[3]  Thomas objected

25  to this request.

26

27         [3]The motion indicates the magistrate judge has AM/PM duty during one week and is

28  out of town for the other week.

1        On June 2, 2011, this Court scheduled the Motion to Continue Trial and Plea Deadline
2   for hearing on June 3, 2011.  On June 3, 2011, this Court scheduled the pending motions to
3   be heard on June 20, 2011, by the district court judge and directed counsel to file memoranda
4   regarding speedy trial rights on or before June 10, 2011.

5        On June 10, 2011, the government filed another amended motion to continue the trial
6   date until either June 28, 2011, July 5, 2011, or July 12, 2011.  In addition to the reasons set
7   forth in the original request for continuance, the government asserted that the chemist is
8   scheduled to attend two other trials on June 21, 2011, and the case agent is not available on
9   June 21, 2011.  Thomas objected to this request.

10       Also on June 10, 2011, the government filed a notice asserting that any trial date up
11  to and until June 28, 2011, complies with the Speedy Trial Act.  Further, the government
12  asserts that, if the pending Motion to Continue the Trial and Plea Deadline is granted,
13  additional time would be excludable.

14       Also on June 10, 2011, Thomas filed a Motion to Dismiss for Violation of the Right
15  to a Speedy Trial and Summary of Speedy Trial Calculation.

16       On June 14, 2001, Thomas filed a Motion in Limine to Exclude Testimony
17  Concerning Mr. Thomas' Wife.

18       On June 15, 2001, the government filed a Motion in Limine to Preclude Evidence and
19  Testimony Concerning the Defendant's Performance of Cultural Ceremonies, a Motion in
20  Limine to Preclude Evidence and Testimony Concerning the Defendant's Military Record,
21  and a Motion in Limine to Preclude the Testimony of Darlene Felix.  On June 16, 2011, an
22  Amended Motion in Limine to Preclude Evidence and Testimony Concerning the
23  Defendant's Military Record was filed.

24       On June 16, 2001, the government filed a Withdrawal of the Motion to Continue Trial.
25       Also on June 16, 2011, the government filed a Motion in Limine to Preclude Evidence
26  and Testimony Concerning the Defendant's Family Photographs and a Motion in Limine
27  Regarding Witnesses Revoking.

28

1        On June 19, 2011, the government filed a Motion in Limine to Preclude the Testimony

2   of Kevin Carlos and a Motion in Limine Regarding 404(b) Evidence.

3

4   II. *Speedy Trial Act*

5        "The Speedy Trial Act of 1974 establishes specific time limits for completing the key

6   stages of a federal criminal prosecution."  Speedy Trial, 90 Geo.L.J. 1454, 1462-63 (2002);

7   see also 18 U.S.C. §§ 3161-3174.   "The purpose of the Act is to protect defendants'

8   constitutional right to speedy indictment and trial, and to serve the public interest in bringing

9   prompt criminal proceedings." 90 Geo.L.J. at 1462-63, n. 1193.  The right to a speedy trial

10  is different from other constitutional rights "because there is a societal interest in providing

11  a speedy trial which exists separate from, and at times in opposition to, the interests of the

12  accused."  9 Fed.Proc., L.Ed. § 22:1247.   A "defendant bears the burden of proving a

13  violation of the Act, but the government has the burden of producing evidence concerning

14  an exclusion of time under § 3161(h)(3).  90 Geo.L.J. at 1474, n. 1218.  A defendant may not

15  waive the application of the Act be either consent or waiver.  *Zedner v. United States*, 547

16  U.S. 489, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).

17       The Speedy Trial Act provides:

18       In any case in which a plea of not guilty is entered, the trial of a defendant charged
    in an information or indictment with the commission of an offense shall commence
19  within seventy days from the filing date (and making public) of the information or
    indictment, or from the date the defendant has appeared before a judicial officer of the
20  court in which such charge is pending, whichever date last occurs.

21  18 U.S.C. § 3161(c)(1).  "When the defendant is arrested prior to indictment, and makes an

22  initial appearance before a magistrate who orders him held to answer the charges in the

23  district court, the seventy-day pretrial period runs from the date of his indictment."  *United*

24  *States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982).

25

26  . . . . .

27  . . . . .

28

1   III.  *Possession with Intent to Distribute Marijuana*

2

3   A.  *Speedy Trial Calculation through February 15, 2011*

4           In this case, the 70 day time period began to run on March 24, 2010, the date the

5   indictment was filed and made public.  The trial date was originally scheduled for June 2,

6   2010.  Excludable time resulted from Thomas' filing of a motion to continue on May 13,

7   2010, until the Court ruled on the motion on May 19, 2010.  *See United States v. Daychild*,

8   357 F.3d 1082, 1095 (9th Cir. 2004) ("For purposes of calculating time under the Speedy

9   Trial Act, it does not matter what type of pretrial motion is filed to invoke the exclusion of

10  § 3161(h)(1)(F), because the language of the statutory exclusion for delay, from the filing of

11  the motion until its prompt disposition, is unqualified as to the type of motion.");  9A

12  Fed.Proc., L.Ed. § 22:1319; *United States v. Hills*, 618 F.3d 619, 627-28 (7th Cir. 2010).  As

13  of the date of the first trial date of June 2, 2010, therefore, 63 non-excludable days had

14  passed.  *United States v. Medina*, 524 F.3d 974, 985 (9th Cir. 2008) (date motion is filed is

15  excludable).

16          Thomas acknowledges that his filing of the May 13, 2010, motion to continue trial

17  resulted in excludable time until the July 7, 2010, trial date.

18          Moreover, Thomas filed a Motion to Suppress on July 2, 2010.  "[T]he period from

19  the date the motion was filed to the conclusion of the hearing" is excludable time.  *Medina*,

20  524 F.3d at 979; *see also United States v. Bloate*, — U.S. —,130 S.Ct. 1345, 1352, 176

21  L.Ed.2d 54 (2010).  The evidentiary hearing on the Motion to Suppress was held on August

22  25, 2010.  Further, the magistrate judge directed the parties to file memoranda by August 30,

23  2010, and did not receive a transcript of the proceeding until September 3, 2010.  The Court

24  finds the time from the filing of the motion on July 2, 2010, until October 3, 2010, 30 days

25  after the date of the filing of the transcript, September 3, 2010, is excludable.[4]  18 U.S.C. §

26

27          [4]Although some courts have found additional time to be excludable for resolution of

28  under advisement issues, unusual circumstances to warrant such a conclusion are not present

3161(h)(1)(H); *Henderson v. United States*, 476 U.S. 321, 330, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986) ("The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion. District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials, especially where the motion presents complicated issues.... We therefore hold that subsection (F) excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion."), *citations omitted*; *see also* 9A Fed.Proc., L.Ed. § 22:1319 ("18 U.S.C.A. § 3161(h)(1)(F) excludes the time after a hearing has been held on a pretrial motion where the district court awaits additional filings of posthearing briefs and other materials from the parties that are needed for the proper disposition of the motion. This is the case because 18 U.S.C.A. § 3161(h)(1)(F) must be read in conjunction with 18 U.S.C.A. § 3161(h)(1)(J) which allows an exclusion of up to 30 days while a district court has a motion under advisement — which means 30 days from the time the court receives all the papers it reasonably expects."), footnotes and citations omitted; *United States v. Dirden*, 38 F.3d 1131 (10th Cir. 1994) (30 day under advisement period did not begin to run until date magistrate judge received transcript of hearing on suppression motion).

The setting of the October 13, 2010, trial date resulted from the July 14, 2010, motion to continue filed by the government. The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because the government required additional time to respond to the Motion to Suppress and have the motion scheduled for an evidentiary hearing. The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if the

---

in this case. *See e.g., United States v. Cheek*, 3 F.3d 1057 (7th Cir. 1993), cert. denied, 510 U.S. 1112, 114 S.Ct. 1055, 127 L.Ed.2d 376 (1994) (50 days to rule on 24 pretrial motions was reasonable); *United States v. Anello*, 765 F.2d 253, 257 (1st Cir.) ("As a practical matter, it may be impossible for a court to decide 10 or 100 motions, all within the same thirty-day period."), *cert. denied*, 474 U.S. 996, 106 S.Ct. 411, 88 L.Ed.2d 361 (1985).

1    government was required to go to trial on the scheduled trial date and that found excludable

2    delay under 18 U.S.C. §3161(h)(7) began on August 11, 2010, and ended on October 13,

3    2010.  In light of the pending Motion to Suppress and the need to adequately prepare and

4    present the issue to the magistrate judge, the Court confirms its previous findings regarding

5    this motion to continue.

6         In other words, as of the October 13, 2010, trial date, 63 days of non-excludable time

7    had passed.

8         On September 20, 2010, the government filed a motion to continue the trial date for

9    sixty days because the Motion to Suppress was pending.  On that same date, the Court

10   granted the trial continuance and scheduled the matter for trial on November 16, 2010.  The

11   Court found that the ends of justice served by granting a continuance outweighed the best

12   interests of the public and the defendant in a speedy trial because, for the reasons set forth

13   in the motion, failure to grant the continuance was likely to result in a miscarriage of justice

14   if the government was required to go to trial on the scheduled trial date.  The Court also

15   found excludable delay under 18 U.S.C. §3161(h)(7) began on October 14, 2010, and ended

16   on November 16, 2010.  Although the October 13, 2010, trial date was after the 30 day

17   "deadline" for the issuance of the Report and Recommendation from the magistrate judge,

18   the Court confirms its previous findings as to this motion to continue.  Denial of the motion

19   to continue – i.e., expecting the parties to proceed to trial within ten days of an anticipated

20   ruling, which may have resulted in the suppression of evidence – would not have promoted

21   the ends of justice and would likely have resulted in a miscarriage of justice.

22        On October 18, 2010, Thomas filed a motion to continue the trial date for forty-five

23   days because the ruling on the Motion to Suppress remained pending, additional time for

24   objections to a Report and Recommendation may be needed, and because defense counsel

25   was preparing for trial in two other matters.  On October 19, 2010, the Court granted the

26   continuance and scheduled the matter for trial on January 4, 2011.  The Court found that the

27   ends of justice served by granting a continuance outweighed the best interests of the public

28   and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to

grant the continuance was likely to result in a miscarriage of justice if Thomas was required to go to trial on the scheduled trial date.  The Court also found excludable delay under 18 U.S.C. §3161(h)(7) began on November 17, 2010, and ended on January 4, 2011.

Although Thomas' motion did not advise the Court that the magistrate judge's pending ruling was beyond the 30 day limit set forth in 18 U.S.C. § 3161(h)(1)(H), the Court considers that fact in determining whether it should confirm its prior ruling.  Thomas' stated reason that the ruling remained pending does not provide a basis for excludable time because the magistrate judge's ruling was not timely.  Moreover, while a possible anticipated need to file an objection may present a basis for concluding that a failure to grant a continuance may result in a miscarriage of justice, in this case, because the ruling was untimely, the Court finds it is not a basis for excludable time.  However, the motion to continue also indicated that a continuance was needed because defense counsel was preparing for two other trials.[5] Thomas' Motion to Dismiss for Violation of the Right to a Speedy Trial indicates that he concedes that the delay resulting from this continuance is excludable.  See e.g., 18 U.S.C. § 3161(h)(7)(b)(iv) (consideration of whether reasonable time is "necessary for effective preparation, taking into account the exercise of due diligence"); *see also United States v. Nance*, 666 F.2d 353, 358 (9th Cir.1983) (unavailability of defense counsel valid reason for ends of justice continuance).  The Court confirms its previous finding that excludable delay under 18 U.S.C. §3161(h)(7) began on November 17, 2010, and ended on January 4, 2011.

On December 21, 2010, Thomas filed a motion to continue the trial date for forty-five days because defense counsel had been advised that the prosecutor had a scheduling conflict, the defense was continuing investigation of this matter, and because defense counsel was working on a Petition for Rehearing in another matter.  On December 30, 2010, the Court granted the continuance and scheduled the matter for trial on February 8, 2011.  The Court found that the ends of justice served by granting a continuance outweighed the best interests

---

[5]The Court takes judicial notice of the fact that one of the named cases proceeded to trial on the scheduled date and the other case resulted in a change of plea.

of the public and the defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance was likely to result in a miscarriage of justice if Thomas was required to go to trial on the scheduled trial date. The Court also found excludable delay under 18 U.S.C. §3161(h)(7) began on January 5, 2011, and ended on February 8, 2011. Thomas' Motion to Dismiss for Violation of the Right to a Speedy Trial indicates that he concedes that the delay resulting from this continuance is excludable. See e.g., 18 U.S.C. § 3161(h)(7)(b)(iv) (consideration of whether reasonable time is "necessary for effective preparation, taking into account the exercise of due diligence"). The Court confirms its previous finding that excludable delay under 18 U.S.C. §3161(h)(7) began on January 5, 2011, and ended on February 8, 2011.

Because of the Motion to Suppress, the pending under advisement ruling, and the motions to continue the trial dates, as of February 8, 2011, 63 days of non-excludable time had passed.

On January 31, 2011, the government filed a motion to continue the trial date for sixty days because the Motion to Suppress ruling was pending. Although the government's motion did not specifically advise the Court that the magistrate judge's pending ruling was beyond the 30 day limit set forth in 18 U.S.C. § 3161(h)(1)(H), the motion did advise the Court of the date the matter was taken under advisement. Nonetheless, on February 7, 2011, the Court granted the trial continuance and scheduled the matter for trial on April 12, 2011. In light of the fact that the issue remained pending before the magistrate judge beyond the 30 day statutory limit, the Court finds that its determination that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because failure to grant the continuance was likely to result in a miscarriage of justice if the government was required to go to trial on the scheduled trial date was in error. Accordingly, the Court's determination that excludable delay under 18 U.S.C. §3161(h)(7) began on February 9, 2011, and ended on April 12, 2011, was also in error.

The speedy trial clock began to run again on February 9, 2011, and the 70 day period in which Thomas was required to be brought to trial ended on February 15, 2011.

B. *Speedy Trial Calculation After February 15, 2011*

On February 22, 2011, the magistrate judge issued a Report and Recommendation in which denial of the Motion to Suppress was recommended.  As of that date, 76 non-excludable days had passed.  Although the remaining time/continuances are not relevant to determine if Thomas has been brought to trial within the time period provided by the Speedy Trial Act, the length of delay is appropriate in determining if dismissal with or without prejudice is appropriate.  Further review, therefore, is appropriate.

The Report and Recommendation was issued on February 22, 2011.  On February 25, 2011, Thomas filed an Objection to the Report and Recommendation.  While the Ninth Circuit has not addressed the issue, other circuit courts disagree on how excludable time is computed following the issuance of a Report and Recommendation.  *See e.g., United States v. Long*, 900 F.2d 1270, 1274-75 (8th Cir. 1990) ("[t]he issuance of the report and recommendation [begins] a new excludable period"); *United States v. Andress*, 943 F.2d 622, 626 (6th Cir. 1991) ("[A] new period of excludable delay under subsection (F) begins immediately upon the filing of the magistrate's report and recommendation.  That period of excludable delay lasts only until the parties file objections or the ten days allowed for filing objections elapse. At that point-when the district court has before it all the materials it is due to receive-a new period of excludable delay begins; viz., thirty days under subsection (J) within which a motion may be kept under advisement."); *United States v. Thomas*, 788 F.2d 1250, 1257 (7th Cir.1986) (amended op.) ("So ... the clock started, just as it would have done if the judge rather than the magistrate had written the opinion. The difference is that the magistrate's recommendation was not final, which set the stage for a further exclusion if [the defendant] objected."); *United States v. Robinson*, 767 F.2d 765, 769 (11th Cir.1985) (stating, without explanation, that after a magistrate issued a report and recommendation on October 5, 1982, "[s]ix nonexcludable days elapsed between October 6, 1982 and October 12, 1982, when [the defendant] filed objections to the magistrate's recommendation").

As pointed out in *Long*, a report and recommendation is not a final disposition of a motion; rather, it is a document that "is automatically filed with the district court, which in

turn is required to make a de novo determination on the issues to which a party objects." *Long*, 900 F.2d at 1275 n. 3 (citing 28 U.S.C. § 636(b)(1)).  Even if the parties do not file objections, the motion itself is decided only after the district court rules.  This, in conjunction with the case law indicating that an under advisement time period should not begin until the court has all material before it, seems to indicate that excluding time waiting for an objection is appropriate.  Therefore, excludable time began again on February 22, 2011, continued through the filing of the objection and the response time.

Thomas, however, appears to assert that excludable time should not be found for the time allowing for a response.  However, as previously discussed, the under advisement period does not begin to run until the court has all materials from the parties that are needed for proper disposition of the pending issues.  *See Henderson*, 476 U.S. at 330.  Because a non-objecting party has a right to respond to objections to a Report and Recommendation, see generally Fed.R.Civ.P. 72(b)(2), this Court's under advisement 30 day period began to run on April 1, 2011, when the government's response was filed.  Excludable time continued until April 28, 2011, when this Court issued its Order adopting the Report and Recommendation.[6]

On March 28, 2011, the government filed a motion to continue the April 12, 2011, trial date for at least thirty-five days because the new prosecutor needed additional time to review the case, meet with witnesses, and file pre-trial motions and because the prosecutor was scheduled to be in trial on another matter on April 12, 2011.  On March 29, 2011, the Court granted the trial continuance and scheduled the matter for trial on June 21, 2011.  The

---

[6]The extensions of time to respond to the Report and Recommendation do not warrant a finding of non-excludable time.  See e.g., 22A C.J.S. CrimLaw § 844, *citing Henderson* (although criminal trial may not be delayed indefinitely by deferring hearing on pretrial motions, generally, the time between filing of motion and/or submission of additional filings is excludable whether delay is reasonable or not); 9A Fed.Proc., L.Ed. § 22:1319 ("the provisions of the Speedy Trial Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a pretrial motion"); *Henderson*, 476 U.S. at 321.

1   Court found that the ends of justice served by granting a continuance outweighed the best

2   interests of the public and the defendant in a speedy trial because, for the reasons set forth

3   in the motion, failure to grant the continuance was likely to result in a miscarriage of justice

4   if the government was required to go to trial on the scheduled trial date.  The Court also

5   found excludable delay under 18 U.S.C. §3161(h)(7) began on April 13, 2011, and ended on

6   June 21, 2011.  Thomas asserts that the ends of justice did not warrant this extension and,

7   therefore, the delay is not excludable.

8        As pointed out by Thomas, where a continuance is granted because "the ends of

9   justice served by taking such action outweigh the best interest of the public and the defendant

10  in a speedy trial[,]" 18 U.S.C. § 3161(h)(7)(A), a court is to consider statutory factors.  18

11  U.S.C. § 3161(h)(7)(B).   The Court considers whether the "failure to grant such a

12  continuance in the proceedings would be likely to make continuation of such proceedings

13  impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  In this case,

14  the former prosecutor was no longer available to try this case because she was no longer

15  employed by United States Attorney's Office in Tucson.  Whether the current prosecutor or

16  a different prosecutor was assigned to the case, a miscarriage of justice would have resulted

17  had the government been required to proceed to trial on the scheduled trial date.  The Court

18  also considers that this case is not so unusual or complex that it is "unreasonable to expect

19  adequate preparation for pretrial proceedings or for the trial itself withing the time limits

20  established by this section." 18 U.S.C. § 3161(h)(7)(B)(i).

21       The Court must also consider whether "failure to grant such a continuance...would

22  deny...the attorney for the Government the reasonable time necessary for effective

23  preparation,  taking  into  account  the  exercise  of  due  diligence."  18  U.S.C.  §

24  3161(h)(7)(B)(iv).  Thomas asserts that, if due diligence is taken into account, considering

25  the prosecutor was assigned this case on March 1, 2011, an extension from April 12, 2011,

26

27

28

to June 21, 2011, was not necessary for the government.[7]  The Court finds that an extension of 35 days, considering the due diligence of the prosecutor, was required by the ends of justice.  Moreover, in light of the repeated requests for continuances, the magistrate judge scheduled this matter for a status conference to confirm that the next scheduled trial date was a firm trial date, to ensure that the parties were filing all motions, and to ascertain if there would be any further delay needed before this matter proceeded to trial.  The Court's extended continuance (i.e., the 70 day continuance) was needed to ensure that further delays did not occur which would have been likely to "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I).  The Court confirms it previous ruling, therefore, that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial because failure to grant the continuance was likely to result in a miscarriage of justice.  Excludable time, therefore, occurs through June 21, 2011.

Furthermore, on May 12, 2011, the government filed a Motion in Limine to Compel Defendant's Proffer of Duress Theory or, in the Alternative, to Preclude Defendant from Presenting Duress Theory at Trial.  While this motion (and other pretrial motions filed by the parties) remain pending, delay is excludable. *Medina*, 524 F.3d at 979; *Bloate*, 130 S.Ct. at 1352.  In other words, even if the April 12, 2011, trial date should have only been continued for 35 days, the time from May 12, 2011, would nonetheless be excludable because of the pending motions.

Therefore, as of June 20, 2011, time continues to be excludable because of the pending motions.  However, 76 days of non-excludable time have passed.  Dismissal is, therefore, appropriate.

. . . . .

. . . . .

---

[7]The Court notes that the government requested a continuance of 35 days to May 17, 2011.  The Court granted the request and continued the trial to June 21, 2011.

C. *Dismissal With or Without Prejudice*

The Court must, therefore, determine whether dismissal with or without prejudice is appropriate. In determining whether the count of possession with intent to distribute marijuana should be dismissed with or without prejudice, this Court:

> shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a). Contrary to Thomas' assertion, the Court finds the offenses herein are serious. *See e.g., United States v. Taylor*, 487 U.S. 326, 338, 108 S.Ct. 2413, 2420, 101 L.Ed.2d 297 (1988) (controlled substance offenses are serious offenses); *United States v. Biggs*, 419 F.Supp.2d 1277 (D.Mont. 2006) (although charged offenses of conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and distribution of less than 50 kilograms of marijuana were serious, pretrial delay amounting to 582 days, more than eight times the limit, was presumptively prejudicial, and defendants complied with conditions of pretrial release during exceptionally lengthy pretrial supervision period).

The facts leading to the dismissal include a delay caused by the court by the late issuance of the Report and Recommendation. However, the Court also considers that, in requesting multiple trial continuances while the ruling from the magistrate judge was pending, neither counsel advised this Court that the magistrate judge's ruling was beyond, or that a continuance would result in the case being set for trial beyond, the time set forth in 18 U.S.C. § 3161(h)(1)(H). The Court also considers that, until the May 31, 2011, objections by defense counsel, neither counsel had objected to any requested continuances. Indeed, counsel for Thomas did not raise any speedy trial concerns until more than three months after the Report and Recommendation was issued and more than nine months after the magistrate judge held the evidentiary hearing on the Motion to Suppress. The Court also considers that, as of June 21, 2011, the charges will have been pending against Thomas for 454 days. However, the Court also considers that Thomas is out-of-custody.

As to the impact of a reprosecution on the administration of this chapter and on the administration of justice, the Speedy Trial Act serves to protect both the interests of a defendant and the interests of the public. *Zedner v. United States*, 547 U.S. (2006).  The Ninth Circuit has stated that the Speedy Trial Act's more severe sanction is appropriate where the courts and prosecutors have failed to recognize long-standing precedent. *United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994).  Here, the Court failed to recognize the facts of this case did not warrant the extended delay in continuing this matter while the Report and Recommendation was pending and failed to adequately consider whether the government's March 28, 2011, motion to continue warranted a 70 day continuance.  *See Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) ("failures of court-appointed counsel and delays by the court are attributable to the state").

However, the Court also considers that the excess non-excludable time is merely six days.  In light of these factors, the Court finds dismissal of the Possession with Intent to Distribute Marijuana charge without prejudice to be appropriate.

IV.  *Conspiracy to Possess with Intent to Distribute Marijuana*

On May 18, 2011, a Superseding Indictment issued against Thomas.  In addition to charging Thomas with Possession with Intent to Distribute Marijuana, the Superseding Indictment also charges Thomas with Conspiracy to Possess with Intent to Distribute.

Generally, the speedy trial clock is not restarted when a superseding indictment is filed.  *See United States v. Daychild*, 357 F.3d 1082, 1091 n. 10 (9th Cir. 2004).  However, when a superseding indictment adds new charges that are not required to be joined under double jeopardy principles, other circuits have determined that two speedy trial clocks exist: the original clock for the initial charge(s), and a new clock for the new charges.  *United States v. Young*, 528 F.3d 1294, 1295-98 (11th Cir. 2008) (in a case with a superseding indictment, the count that was in the original indictment was dismissed for a violation of the Speedy Trial Act, while counts added by superseding indictment were not); *United States v. Jones*, 601 F.3d 1247, 1254-58 (11th Cir. 2010) (same); *United States v. Alford*, 142 F.3d

825, 828-29 (5th Cir. 1998) (same); *United States v. Kelly*, 45 F.3d 45, 48 (2nd Cir. 1995) (same).

Although the Ninth Circuit has not addressed this issue, the Ninth Circuit has stated that the 70 day speedy trial period is not to be "restarted upon the filing of a superseding indictment *when the superseding indictment charges the same offenses as the original indictment*." *United States v. Karsseboom*, 881 F.2d 604, 606 (9th Cir. 1989), *emphasis added*. In this case, the superseding indictment does not charge solely the same offense as the original indictment. Further, the Court considers that jeopardy would not bar a successive prosecution in this case:

> The Double Jeopardy Clause does not bar the government from indicting an individual on a conspiracy count after conviction or reversal on appeal of a conviction of the substantive offense, where the conspiracy charge was not contained in the original indictment.

8A Fed.Proc.L.Ed. § 22:355, citing *United States v. Bayer*, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); *see also United States v. Arlt*, 252 F.3d 1032 (9th Cir. 2001) ("With respect to conspiracy charges, for example, the [Supreme] Court has held that the Clause is not violated by punishing a defendant separately for conspiracy to import marijuana and conspiracy to distribute marijuana, even though the defendant participated in only one conspiracy, the purpose of which was to import and distribute marijuana.").

The Court finds, therefore, that the filing of the superseding indictment initiated a second speedy trial clock for the conspiracy charge. Dismissal of that charge for a violation of the Speedy Trial Act is not appropriate.

Moreover, Thomas's argument regarding 18 U.S.C. § 3161(d)(1) does not change this conclusion. As Thomas acknowledges, the provision applies when an indictment is dismissed by defense motion – here the superseding indictment replaces the original indictment and one charge (possession) will be dismissed, but the balance of the indictment (conspiracy) may proceed. Indeed, as Thomas states, "'the filing of a superceding indictment does not resent (sic) the speedy-trial clock for offenses charged, or required to be joined with those charges, in the original indictment.' *United States v. Young*, 528 F.3d 1294 (11th Cir.

- 20 -

2008) (citing to cases from the 2nd, 3rd, 5th, 7th, 8th, and 9th Circuits)."  Motion, pp. 8-9.
Because the conspiracy charge is not required to be joined with the possession charge, *Arlt*,
Thomas's argument must fail.


        Accordingly, IT IS ORDERED:

        1.      The Motion to Dismiss for Violation of the Right to a Speedy Trial (Doc. 87)
is GRANTED IN PART AND DENIED IN PART.

        2.      Court II of the Superseding Indictment (alleging Possession with Intent to
Distribute Marijuana) is DISMISSED WITHOUT PREJUDICE.

        DATED this 21st day of June, 2011.



_____
                Cindy K. Jorgenson
              United States District Judge

- 21 -